PEOPLE, PLAINTIFF AND APPELLEE, v. PORTO RICAN AMERICAN TOBACCO COMPANY, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in a Prosecution for Violation of the Minimum Wages Act.

No. 1516.—Decided April 29, 1921.

MINIMUM WAGES—PIECEWORK—CONSTITUTIONAL LAW.—The Minimum Wages Act of June 9, 1919, is not unconstitutional and it was the intention of the Legislature that the act should include work done by the piece as well as by time and to fix a minimum rate of compensation for such work.

ID.—ID.—AGREEMENT.—An agreement fixing the price of work by the piece entered into between a corporation and its employees as a result of the action of an arbitration commission appointed at the instance of the committees on legislation of both Houses of the Legislature can not be considered as an amendment or a construction of the Minimum Wages Act.

The facts are stated in the opinion.

*Mr. L. Muñoz Morales* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The Porto Rican American Tobacco Company was convicted of a violation of the Minimum Wage Law upon an agreed statement of facts containing the following items:

"(a) That the woman operator Emilia Alvarez, who is over eighteen years of age and has concluded her period of apprenticeship, worked in the factory of the defendant Porto Rican American Tobacco Company during the week beginning September 19 and terminating September 25, 1919, being engaged in decorating cigar boxes, and that during said week she earned less than $6 weekly.— (b) That the defendant corporation is not engaged in agriculture nor in agricultural industries.—(c) That the operator Emilia Alvarez worked by the piece, being paid at the rate of 60 and 58 cents, respectively, per hundred boxes, according to the kind, and that at the end of the week she was paid according to the number of boxes finished at the agreed rate and not according to the number of hours worked.—(d) That the rate at which the adornment of these boxes

was and is paid, was agreed on by the defendant corporation and the operators through the Arbitration Committee by virtue of a resolution adopted at the instance of the legislative committee of both houses, of the strikers' committee and the Porto Rican American Tobacco Company, which resolution was signed by the said legislative committee, by the strikers' committee and by the officers of the corporation on July 12, 1919.—(*e*) That in the factory of the defendant corporation where Emilia Alvarez attended to her duties, sixty women operators are constantly employed at the same kind of work and at the same rate of pay and that, with the exception of three or four, all of said operators have been and are earning much more than $6 weekly.—(*f*) That all the operators engaged in the said factory have the same time and opportunity to do the work to be delivered, which, as to amount, is in direct ratio to the experience and skill of the operator.—(*g*) That the factory is open from 7 to 11 a. m. and from 12 to 4 p. m., but the operators are allowed to, and some of them do, report later and leave earlier than the hours mentioned, since no record of their time is kept.—(*h*) That such piece work, in the form mentioned, has been in vogue in the workshops of the corporation since their inauguration in this Island about twenty years ago and is being practiced in other factories of the Island which do not belong to the defendant.''

Error is assigned as follows:

''1. The trial court erred in holding that Act No. 45 of June 9, 1919, fixing a minimum wage for female workers, was valid under the Constitution.

''2. The trial court erred in not recognizing the difference established between wages for time work and for piece work.

''3. The trial court erred in holding that the piece-work system falls within the purview of Act No. 45 of June 9, 1919.

''4. The trial court erred in convicting the defendant corporation of a violation of the said Minimum Wage Act.

''5. The trial court erred in not recognizing that, after the passage of the Act, an official committee had fixed the rate or standard of pay for piece work.

''6. The trial court likewise erred in convicting the defendant and in failing to admit that the rate fixed by the Committee as a standard of payment for piece work is much higher proportionately than that established for time work by the Act.

"7. The trial court erred in not holding that a minimum weekly wage cannot be fixed for piece work and in convicting the defendant accordingly."

In *People* v. *Alvarez,* 28 P. R. R. 882, this court held that the Minimum Wage Law was constitutional and that it includes piecework. The decision in that case disposes of every question raised herein save that indicated in the fifth assignment. Indeed, the brief herein was before the court at the time of our previous decision and contains nothing, with the single exception just noted, that did not then receive careful consideration.

The argument under the fifth assignment is based on stipulation *"d"* of the agreed statement, *supra,* and the theory is, first, that the agreement so reached is an authoritative interpretation of the law as distinguishing between timework and piecework; and, second, viewed from another standpoint, the official settlement reached may be regarded as supplying a deficiency in the law, in that it fixes the rate at which piecework of the kind involved herein should be paid for.

The contention thus becomes at once too broad for its base, for beyond the meagre information contained in subdivision *"d",* *supra,* we have no knowledge of the character and scope of the powers conferred upon the Commission in question. We do not understand, nor does the appellant undertake to explain, how a rate for piecework fixed by an agreement reached and signed in the manner indicated in the subdivision last above mentioned, or the agreement so reached, without more, can be regarded either as an amendment of the law or as an interpretation thereof, excluding piecework of the kind in question and binding in this regard upon the courts.

If, as we have held, the intention of the Legislature was to include piecework and to enact, not an average wage law,

but, as the name implies, a Minimum Wage Law, then the presumption would seem to be rather that the law so enacted was understood by the Tobacco Company, as well as by the other parties to the agreement, to cover piecework and to fix the minimum rate of compensation for such work, was within the contemplation of all parties concerned at the time of signing the said agreement and forms a part thereof.

Being unable to agree with appellant on this point and having already decided adversely the other questions present, the judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Del Toro and Aldrey concurred.

Mr. Justice Wolf took no part in the decision of this case.